IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID COLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| ) | CASE NO. 04-2329-KHV |
| v. ) | |
| ) | |
| **CERTAINTEED CORPORATION** ) | |
| **INSULATION GROUP,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 13, 2004, David Cole, pro se, filed suit against Certainteed Corporation Insulation Group, alleging employment discrimination based on race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, and the Age Discrimination In Employment Act, 29 U.S.C. §§ 621-634 (b). This matter comes before the Court on the Motion To Dismiss (Doc. #8) filed March 7, 2005. Plaintiff has not opposed the motion.

On April 29, 2005, Magistrate Judge David J. Waxse ordered plaintiff to show good cause in writing on or before May 13, 2005 why this case should not be dismissed for failure to participate in the Rule 26(f) planning conference and the telephone scheduling conference. On May 12, 2005, plaintiff filed his Response To Order To Show Cause (Doc. #14).

In his response, plaintiff states that he left several messages for defendant's counsel informing her that he was obtaining representation and that he would like to schedule an appointment. Plaintiff states that defense counsel did not return his phone calls. In reply, defense counsel acknowledges that plaintiff left her

several messages. Each time she called plaintiff's number, however, no one answered the phone and plaintiff had no answering machine on which to leave a message. Plaintiff states that he has obtained counsel and that he is prepared to proceed with the case. Defendant urges the Court to dismiss the case for failure to comply with the Court's procedural requirements.

Dismissal is usually appropriate only where a lesser sanction would not serve the interest of justice; it is clearly a severe sanction and it is reserved for extreme circumstances. Courts should dismiss an action for failure to comply with orders only in situations which are the result of willfulness, bad faith or fault, rather than inability to comply. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987) (quoting Nat'l Hockey League v. Metro. Hockey Club. Inc., 427 U.S. 639, 640 (1976)); see also Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988). In this context, willful failure is intentional failure as distinguished from involuntary noncompliance.

Before dismissing an action with prejudice as a sanction, the Court must consider the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). Defendants have not incurred prejudice by plaintiff's failure to participate in the planning meeting. The interference with the judicial process is minimal. It not entirely clear why plaintiff did not participate in the planning and scheduling conference. Plaintiff is pro se, however, and on this single occasion the Court will give him the benefit of the doubt.[1] Finally, the

---

[1] Although plaintiff states that he has obtained counsel, no attorney has entered an appearance on his behalf.

Court did not warn plaintiff before the meeting that dismissal could be a sanction. The Court finds that no sanction is merited at this time.

**Plaintiff is advised that the Court will dismiss his action with prejudice, without further notice, if he disobeys this Court's orders and the Federal Rules of Civil Procedure. Plaintiff is further advised that "dismissal with prejudice" means that this case will end, plaintiff will receive no recovery, and plaintiff will not be allowed to re-file his claim.**

Next, the Court notes that plaintiff has not filed a response to defendant's motion to dismiss. Under Rule 6(a), Fed. R. Civ. P., and D. Kan. Rule 6.1(d)(2), plaintiff had until March 30, 2005 to file a response. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Although defendant's motion begins by asserting that plaintiff's claims are barred by the statute of limitations, and tries to position this issue as a jurisdictional one, it actually questions whether plaintiff can show good cause for failure to execute service. Even if plaintiff could not show good cause for his failure to make timely service, however, on proper motion the Court could have granted a permissive extension of time. See Hunsinger v. Gateway Mgmt. Assocs., 169 F.R.D. 152, 155 (D. Kan. 1996). The Court therefore orders plaintiff to respond to defendant's motion to dismiss on or before **July 5, 2005. The Court warns plaintiff that failure to meet this or any other deadline will result in an order of dismissal with prejudice.**

3

**IT IS THEREFORE ORDERED** that on or before **July 5, 2005,** plaintiff shall file a response to Certainteed Corporation's unopposed Motion To Dismiss (Doc. #8) filed March 7, 2005.

Dated this 20th day of June, 2005 at Kansas City, Kansas.

s/Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge